UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH TRAN, et al., | No. 2:19-cv-01419-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| KEVIN AGUILAR, | |
| Defendant. | |

On July 25, 2019, defendant Kevin Aguilar, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Defendant also filed a demurrer, ECF No. 2, and a motion to proceed in forma pauperis, ECF No. 3. As explained below, the court REMANDS the case to Sacramento County Superior Court and DENIES as moot defendant's demurrer and motion to proceed in forma pauperis, ECF No. 2.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have jurisdiction over civil matters "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have jurisdiction over civil matters where the amount in controversy

exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant's notice of removal asserts the court has diversity jurisdiction "because the complaint seeks to disposes [sic] the defendant of his business, commercial property, with a fair market value of more than $75,000" and plaintiffs "are locate [sic] outside Sacramento County, and are suspected to be foreign residents, citizen [sic] and domiciliary [sic] of a State or Nation outside California." ECF No. 1 at 2. Defendant has not established this court's jurisdiction. Plaintiffs' complaint identifies the amount in controversy as $10,000 or less, alleging defendant has not satisfied his monthly rent obligation of $1,596.00. *Id.* at 9. Regardless of the value of the property, nothing before the court indicates the amount in controversy in this unlawful detainer action approaches, much less exceeds, $75,000. Moreover, defendant's unsupported assertion that plaintiffs are "suspected" to live outside of Sacramento County, and perhaps outside California, does not satisfy the court that the parties are completely diverse. *See id.* at 2.

Defendant also alleges, with no supporting factual detail, that this unlawful detainer "action is taken against him because he is of a different race or ethnicity than are the defendants, and that this action is sought to deprive Defendant of his civil rights based on his race and ethnicity . . . ." *Id.* at 3. He thus claims the court has federal question jurisdiction. Defendant cannot rely on conclusory allegations, devoid of facts, to invoke this court's jurisdiction and has not carried his burden in establishing this court's federal question jurisdiction.

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Sacramento County Superior Court. Defendant's demurrer and motion for in forma pauperis status are DENIED as MOOT.

IT IS SO ORDERED.

DATED: July 30, 2019.

UNITED STATES DISTRICT JUDGE